SYLVIA B. PARKINSON ET AL.
*vs.*
TOWN OF BRANFORD ET AL.

Superior Court    New Haven County    File No. 57861

MEMORANDUM FILED OCTOBER 21, 1940.

*Ernest L. Averill,* and *William P. Averill,* of Hartford, for the Plaintiffs.

*Earle A. Barker,* of Branford, and *Goldstein & Bracken,* of New Haven, for the Defendants.

CORNELL, J. The plaintiff,. Frederick R. Houde, as administrator *d.b.n., c.t.a.* on the estate of Winford E. Hotchkiss, deceased, has complied with the direction of the court, contained in memorandum of decision filed August 17, 1940, by amending the second count of the complaint to conform to the evidence by alleging that Winford E. Hotchkiss at the time of his death was possessed of an undivided one-fourth right, title and interest in Seaview Avenue, instead of ownership of the land in fee over which such way is located, as originally alleged.

As the complaint is so amended, the defendants address certain motions to it which are considered below under their respective titles.

Motion of All Defendants That Sylvia B. Parkinson, as Plaintiff, Be Ordered To Amend The First Count of the Complaint.

The first count alleges a cause of action existing in plaintiff Sylvia B. Parkinson. It describes the ownership of the land over which the way exists as now vested in the estate of Winford E. Hotchkiss and his heirs, or if they are deceased, in the latter's estates. As the caption of the motion indicates, the defendants contend that the same variance between plead-

ing and proof exists here as is present in the second count, which latter states a cause of action by the other plaintiff, viz., Frederick R. Houde, Administrator *d.b.n., c.t.a.* on the estate of Winford E. Hotchkiss, and that identical legal considerations dictate that the same amendment be required as respects the first count as ordered with reference to the second.

The situations are not, however, parallel. The plaintiff in the second count seeks to prevent the land constituting the way from being subjected to a burden greater than that imposed upon it voluntarily by the predecessor in title of its present owners. To maintain such a cause of action it is, of course, essential that the interest of the plaintiff in the realty concerned, be established. Whether a variance between allegation and proof as respects the quantity of such estate is fatal, where no question exists as concerns its quality, may be moot. The amendment was directed merely to cause the pleading to state what the evidence shows and to thereby obviate such a question rather than to resolve it. For, whatever the quantity or quality of plaintiff's interest in that land might be, it still remains that it must be proved as the basis from which his right of action stems.

The same is obviously true as respects plaintiff Parkinson, but of the identity of her interest in the affected land there can be no doubt under the evidence. It is obvious that she is the holder of an easement in it, in common with others. This derives from a specific grant contained in a deed to one of her predecessors in title to a lot abutting on the way. Its continuance is in no way dependent upon or effected by the subsequent devolution or alienation of the title of such realty subject to the way or the present ownership thereof. Since it is attached to the land itself it exists independently of all eventualities respecting the future career of the fee by act of the owners of the latter. The title thereto is hence of no moment to her cause of action against the defendant town as a third party usurping or interfering with her exercise of her right of easement, whether the fee to the land in question be vested in one person or several or the identity of them. It were sufficient had the plaintiff Parkinson merely alleged her ownership of the easement in the land in question and the acts on defendant's part constituting an interference with her rights emanating from that source.

Only in an action directly against the owners of the fee

would the latter be necessary parties to the action; in a controversy between the holder of the easement and third parties they need not even be named. A variance between allegation and proof is of importance only where it is material. That to which attention is directed in the instant motion being immaterial, for the reasons noted, there is no necessity of directing that the pleadings be made to conform to the evidence in such respect.

The other reasons cited in support of the motion are likewise not persuasive. They predicate on the theory that if the plaintiff Parkinson had alleged that the title in the realty over which the easement exists had been stated to reside in those having it as tenants in common and the respective interests of each of such persons in the same, the defendant would have been able to set up the defense that one or more of these had dedicated the way to public use and that proof of this fact would supply the defendant town with a sufficient defense to such plaintiff's cause of action. Apart from the consideration that a plaintiff is never obliged to devise his complaint to anticipate a defense to his statement of his conceived cause, the following observation may be made:

In so far as it is alleged that none of the heirs of the late Emerson D. Hotchkiss but Winford E. Hotchkiss and the latter's heirs have any right, title or interest in the land subject to the easement, this statement is denied in defendants' answers. In that situation it was competent for defendants to show, as they have in fact established, that others have an interest in such land; and, likewise, under appropriate allegations in their special defense, to have made the assertion that one or more of such persons as tenants in common had made such a dedication as is claimed after they had acquired their respective interests. The special defense on file, however, negatives such a possibility. It states that the way was dedicated as a public highway "over fifty (50) years ago by *the then owners of the property* constituting such highway" and then proceeds to recite that there was an acceptance of such highway by the defendant town followed by a continuous use by the public generally and the maintenance and repair of it by the town. The evidence discloses that none of the heirs of Emerson D. Hotchkiss had an interest in the land at any time "over fifty years ago" prior to the date of the complaint nor at any time later than "fifty years ago" in such proximity to such a date

as could be found to approximate it. Hence, even if it were otherwise incumbent on the part of the plaintiff to have named the persons who owned the land in question at the time the instant action was instituted, no reason exists and no purpose would be served by requiring that plaintiff Parkinson set out such facts at this stage of the proceedings, since her doing so would not, under the allegations of the special defense and the state of the evidence, present any issuable question of fact or law germane to the judgment to be rendered on the issues as formulated.

The motion is accordingly denied.

### Defendant's Motion That One Plaintiff Be Ordered Dropped for Misjoinder Of Causes Of Action And Misjoinder of Parties.

For the purpose of considering this motion it may be assumed that technically the legal rights which each of the plaintiffs seeks to protect are derived from different sources, are distinct from each other, and that neither has any interest in that possessed by or would be affected by any remedy applied or denied to the other.

It, however, appears that the wrongful conduct on defendants' part complained of, is identical in each instance and affects each of the plaintiffs injuriously in the latter's several and distinct rights. It is, moreover, plain that the defendants were not injuriously affected by the trial of both causes at the same time. On the contrary they were benefitted thereby because of the economy of time and money thus affected. Without doubt, had two separate suits been instituted, counsel would have moved that they be heard together.

Purely procedural matters and even such as are concerned only with the niceties of pleading for pleading's sake, may never disconcert the aim of the judicial function. The chief object of the latter is the ascertainment and definition of rights and the application of remedies to protect or effectuate them when they are found established. Pleading, practice and procedure are but the handmaidens to this task. When they serve it, the rules which they define must be rigidly enforced; when they interfere with a prompt, direct and economical achievement of the objective, they become but obstacles which should not be permitted to be transformed into barriers.

To grant the instant motion would be but to pay vapid

homage to pleading and procedural considerations at the expense of the real business of the court. Doing so would correct or obviate no injury to any of the moving parties for none exists or can transpire, to prevent or remedy.

Motion denied.